**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**FORT WAYNE DIVISION**

| | |
|---|---|
| DAVID L. OVERMYER, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | CASE NO: 1:17-cv-00510-WCL-SLC |
| ) | |
| ACUMED LLC, ) | |
| ) | |
| Defendant. ) | |

## OPINION AND ORDER

Before the Court is a Notice of Removal filed by Defendant Acumed LLC, alleging that the Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332. (DE 1). As the party seeking to invoke federal diversity jurisdiction, Defendant bears the burden of demonstrating that the requirement of complete diversity has been met. *Chase v. Shop'n Save Warehouse Foods, Inc.*, 110 F.3d 424, 427 (7th Cir. 1997).

In the Notice of Removal, Defendant alleges that it is "a Delaware corporation with its principal place of business in Oregon" and that Plaintiffs are "residents and citizens of the state of Indiana." (DE 1 ¶¶ 7, 8). Defendant's diversity allegations, however, are inadequate.

With respect to the individual Plaintiffs, residency is meaningless for purposes of diversity jurisdiction, as an individual's citizenship is determined by his or her domicile. *See Winforge, Inc. v. Coachmen Indus., Inc.*, 691 F.3d 856, 867 (7th Cir. 2012); *Heinen v. Northrop Grumman Corp.*, 671 F.3d 669, 670 (7th Cir. 2012) ("But residence may or may not demonstrate citizenship, which depends on domicile—that is to say, the state in which a person intends to live over the long run."); *Guar. Nat'l Title Co., Inc. v. J.E.G. Assocs.*, 101 F.3d 57, 58-59 (7th Cir. 1996) (explaining that statements concerning a party's "residency" are not proper allegations of

citizenship as required by 28 U.S.C. § 1332).

And while Defendant alleges that it is a corporation, its name suggests that it is actually a limited liability company, rather than a corporation. "[I]n the case of a firm that is not a corporation, its citizenship is the citizenship of its owners, partners, or other principals." *Meyerson v. Harrah's E. Chi. Casino*, 299 F.3d 616, 617 (7th Cir. 2002). "[C]itizenship of unincorporated associations must be traced through however many layers of partners or members there may be." *Id*. (citations omitted). Accordingly, if Acumed LLC is a limited liability company as its name suggests, the Court must be informed of the identity and citizenship of all of the members of Acumed LLC, tracing such citizenship through all applicable layers of ownership to ensure that none of the members share a common citizenship with Plaintiffs. *Hicklin Eng'g, L.C. v. Bartell*, 439 F.3d 346, 347 (7th Cir. 2006).

Therefore, Defendant is afforded to and including January 3, 2018, to file an amended notice of removal that properly alleges federal subject matter jurisdiction on the basis of diversity of citizenship.

SO ORDERED.

Entered this 20th day of December 2017.

/s/ Susan Collins
Susan Collins
United States Magistrate Judge