# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| | |
|---|---|
| **DAVID L. OVERMYER,** *et al.*, | ) |
| | ) |
|     **Plaintiffs,** | ) |
| | ) |
|     v. | )    No. 1:17-cv-00510-WCL-SLC |
| | ) |
| **ACUMED LLC,** | ) |
| | ) |
|     **Defendant.** | ) |

## OPINION AND ORDER

Before the Court is Defendant's motion for entry of a stipulated protective order (DE 24), seeking the entry of a proposed stipulated protective order (DE 24-1) agreed to by the parties pursuant to Federal Rule of Civil Procedure 26(c). Because the proposed protective order is deficient in several ways, the Court will deny the motion without prejudice.

Rule 26(c) allows the Court to enter a protective order for good cause shown.[1] *See Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943, 946 (7th Cir. 1999). A protective order, however, must only extend to "properly demarcated categor[ies] of legitimately confidential information." *Id.*; *see MRS Invs. v. Meridian Sports, Inc.*, No. IP 99-1954-C-F/M, 2002 WL 193140, at *1 (S.D. Ind. Feb. 6, 2002) (rejecting proposed protective order because categories of protected information were overly broad and vague); *Cook, Inc. v. Boston Sci. Corp.*, 206 F.R.D. 244, 248-49 (S.D. Ind. 2001) (same).

---

[1] "[T]he same scrutiny is not required for protective orders made only for discovery as for those that permit sealed filings." *Containment Techs. Grp., Inc. v. Am. Soc'y of Health Sys. Pharmacists*, No. 1:07-cv-997-DFH-TAB, 2008 WL 4545310, at *3 (S.D. Ind. Oct. 10, 2008); *see also Baxter Int'l, Inc. v. Abbot Labs.*, 297 F.3d 544, 545 (7th Cir. 2002) ("Secrecy is fine at the discovery stage, before the material enters the judicial record. But those documents, usually a small subset of all discovery, that influence or underpin the judicial decision are open to public inspection unless they meet the definition of trade secrets or other categories of bona fide long-term confidentiality." (citations omitted)). Although the proposed order is a bit unclear on this point, it appears to contemplate sealed filings (DE 24-1 ¶ 12), and as such, it requires a higher level of scrutiny.

Here, the proposed order fails to set forth narrow, demarcated categories of legitimately confidential information. Instead it allows a party to designate material as "Confidential" if it:

> consists of or includes trade secret or confidential research, development, competitive, proprietary or commercial information and may include financial information, information relating to ownership or control of any non-public company, and any information protected from disclosure by any privacy or other law or governmental regulation, as well as any other type of information given confidential status by the Court.

(DE 24-1 ¶ 3). Categories such as "commercial information" or "confidential information" or the equivalent are overly broad and render a protective order invalid. *See, e.g.*, *Cincinnati Ins. Co.*, 178 F.3d at 945.

"If the parties seek non-trade secret protection for any . . . information, they must present reasons for protection and criteria for designation other than simply that the information is not otherwise publicly available." *Cook*, *Inc.*, 206 F.R.D. at 249. "They must describe a category or categories of information and show that substantial privacy interests outweigh the presumption of public access to discovery material." *Id.* For material to be protected, it "must give the holder an economic *advantage* and threaten a *competitive* injury—business information whose release harms the holder only because the information is embarrassing or reveals weaknesses does not qualify for trade secret protection." *Id.* at 248. Accordingly, "merely asserting that a disclosure of the information 'could' harm a litigant's competitive position is insufficient; the motion must explain how." *Shepard v. Humke*, IP 01-1103-C-H/K, 2003 WL 1702256, at *1 (S.D. Ind. Mar. 28, 2003) (citing *Baxter Int'l, Inc.*, 297 F.3d at 547).

Furthermore, the proposed order allows documents that "include" Confidential information to be filed entirely under seal (DE 24 ¶ 3), rather than solely protecting the actual

2

Confidential information through redaction. *See Cincinnati Ins. Co.*, 178 F.3d at 945 (stating that an order sealing documents containing confidential information is overly broad because a document containing confidential information may also contain material that is not confidential, in which case a party's interest in maintaining the confidential information would be adequately protected by redacting only portions of the document).

Another problem with the proposed order is that the parties' process for the return and destruction of Confidential information does not provide an exception for the Court. (DE 24-1 ¶ 16). The Court does not return or destroy any documents that have been made part of the record.

Also, the proposed order states that the Court will retain jurisdiction over the protective order after termination of the suit. (DE 24-1 ¶ 17). The Court, however, is unwilling to enter a protective order that suggests it retain jurisdiction of any kind after resolution of the case. *See E.E.O.C. v. Clarice's Home Care Serv., Inc.*, No. 3:07-cv-601 GPM, 2008 WL 345588, at *2 (S.D. Ill. Feb. 7, 2008) (encouraging the parties to make a contractual agreement among themselves for the return of sensitive documents without court oversight); *see also Large v. Mobile Tool Int'l, Inc.*, No. 1:02-CV-177, 2010 WL 3120254, at *1 (N.D. Ind. Aug. 6, 2010).

Additionally, the Court will not approve paragraph 19 of the proposed order, which provides that additional parties may be added to the action and that any new party must agree to be bound by the terms of the order. (DE 24-1 ¶ 19). In the event that the Court grants a motion that allows another party to be added to the case, the parties may file another motion pertaining to the protective order at that time.

Finally, the Seventh Circuit has made it clear that a protective order must be "explicit that either party and any interested member of the public can challenge the secreting of particular

documents." *See Cincinnati Ins. Co.*, 178 F.3d at 946. The instant proposed order, however, does not contain this language. "[T]he public at large pays for the courts and therefore has an interest in what goes on at all stages of a judicial proceeding." *Id.* at 945 (collecting cases).

For these reasons, the Court DENIES the Defendant's motion for entry of a proposed stipulated protective order (DE 24) without prejudice. The parties may submit another motion and revised proposed protective order consistent with the requirements of Rule 26(c) and Seventh Circuit case law.

SO ORDERED.

Entered this 24th day of August 2018.

/s/ Susan Collins
Susan Collins
United States Magistrate Judge